**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| OPTIMUMPATH, L.L.C., | Case No.  4:08-CV-00317-TLW-TER |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., CISCO-LINKSYS L.L.C., COMPEX INC., D-LINK SYSTEMS, INC., NETGEAR, INC. and SMC NETWORKS, INC., | |
| Defendants. | |

**DEFENDANT BUFFALO TECHNOLOGY (USA) INC.'S**
**ANSWER TO COMPLAINT**

Defendant Buffalo Technology (USA) Inc. ("Buffalo"), by its undersigned attorneys, hereby files its Answer to the Complaint of Plaintiff OptimumPath LLC ("OptimumPath").

**THE PARTIES**

1.     OptimumPath is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business at 3709 South Church Street Ext., Roebuck, South Carolina, 29376.

**ANSWER:**

Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.     Belkin, on information and belief, is a corporation organized under the laws of the State of Delaware. Upon information and belief, Belkin is doing business in South Carolina, and may be served with process by serving its registered agent, National Registered Agents, Inc. at 160 Greentree Drive, Suite 181, Dover, DE 19904.

**ANSWER:**

Paragraph 2 is not applicable to Buffalo.

3.      Buffalo Technology, on information and belief, is a corporation organized under the laws of the State of Delaware. Upon information and belief, Buffalo Technology is doing business in South Carolina, and may be served with process by serving its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

**ANSWER:**

Admitted.

4.      Cisco, on information and be1ief is a corporation organized under the laws of the State of California. Upon information and belief, Cisco is doing business in South Carolina, and may be served with process by serving its registered agent, Prentice Hall Corp. 5000 Thurmond Mall Blvd., Columbia, S.C., 29201.

**ANSWER:**

Paragraph 4 is not applicable to Buffalo.

5.      Compex, on information and belief, is a corporation organized under the laws of the State of California. Upon information and belief, Compex is doing business in South Carolina, and may be served with process by serving its registered agent, Michael Liu, at 840 Columbia St. #B, Brea, CA 92821.

**ANSWER:**

Paragraph 5 is not applicable to Buffalo.

6.      D-Link, on information and belief, is a corporation organized under the laws of the State of California. Upon information and belief, D-Link is doing business in South Carolina, and may be served with process by serving at its registered agent, Steven Joe at 17595 Mt. Herrmann St., Fountain Valley, CA. 92708.

**ANSWER:**

Paragraph 6 is not applicable to Buffalo.

7.      Netgear, on information and belief, is a corporation organized under the laws of the State of Delaware.  Upon information and belief, Netgear is doing business in South Carolina, and may be served with process by serving its registered agent at Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901.

**ANSWER:**

Paragraph 7 is not applicable to Buffalo.

8.      SMC Networks, on information and belief, is a corporation organized under the laws of the State of Delaware. Upon information and belief, SMC Networks is doing business in South Carolina, and may be served with process by serving its registered agent at United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, DE, 19904.

**ANSWER:**

Paragraph 8 is not applicable to Buffalo.

## JURISDICTION & VENUE

9.      This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et. seq. and jurisdiction is properly based on Title 35 United States Code, particularly § 271, and title 28 United States Code, particularly § 1338(a).

**ANSWER:**

Buffalo admits that this Court has subject matter jurisdiction.

10.     Venue is proper in this court under Title 28 United States Code § 1391(b) and 1400(b).

**ANSWER:**

To the extent that a response is required, Buffalo is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies

them.

## PATENT INFRINGEMENT COUNT

11.     On April 25, 2006, U.S. Patent No. 7,035,281 ("the '281 patent") was duly and legally issued for a "Wireless Provisioning Device". A copy of the '281 patent is attached as Exhibit A and is made a part hereof.

**ANSWER:**

Buffalo admits that on April 25, 2006, U.S. Patent No. 7,035,281 ("the '281 patent") was issued for a "Wireless Provisioning Device" and a copy of the '281 patent was attached as Exhibit A to OptimumPath's Complaint. Buffalo denies the remaining allegations in paragraph 11.

12.     The '281 patent is directed to wireless routers used in computer networks and telecommunications.

**ANSWER:**

Admitted to the extent that this statement is supported by Exhibit A to the Complaint; otherwise, denied.

13.     Pursuant to 35 U.S.C. § 282, the '281 patent is presumed valid.

**ANSWER:**

Buffalo admits that 35 U.S.C. § 282 states that "A patent shall be presumed valid."

14.     Anthony C. Spearman and Andrew E. Tompkins, both of South Carolina, are the named inventors of the '281 patent. Spearman and Tompkins assigned their interest to WP Media, Inc. of Kingstree, South Carolina on September 4, 2000. (Exhibit B attached hereto). WP Media, Inc. then assigned its interest in the '281 patent to WECOM Systems LLC on January 19, 2006, which was then re-named OptimumPath LLC on the same date. (Exhibits C and D attached hereto). OptimumPath is the sole owner of the '281 patent and has the right to enforce the '281 patent and collect damages for all relevant times.

**ANSWER:**

Buffalo admits the documents referenced were attached to the Complaint as Exhibits B, C, and D. Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     Belkin, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its Wireless G, Wireless G Plus, Wireless G Plus Mimo, N Wireless, and N1 Wireless models of routers. By providing such products, Belkin has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 15 is not applicable to Buffalo.

16.    Buffalo Technology, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its Wireless-G, Wireless-G 125, Wireless-A&G Mimo Performance, Wireless-G Mimo Performance, Wireless-N Nfiniti, and Wireless-N Nfiniti dual band models of routers. By providing such products, Buffalo Technology has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Buffalo admits that it sells wireless routers, which have included Wireless-G, Wireless-G

125, Wireless-A&G Mimo Performance, Wireless-G Mimo Performance, Wireless-N Nfiniti,

and Wireless-N Nfiniti dual band models of routers.  Buffalo denies the remaining allegations in

paragraph 16.

17.    Cisco, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its Wireless-G, Wireless-N and RangePlus models of routers. By providing such products, Cisco has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 17 is not applicable to Buffalo.

18.    Compex, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its NetPassage 27G model of routers. By providing such products, Compex has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 18 is not applicable to Buffalo.

19.    D-Link, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its Xtreme N, RangeBooster N, Wireless N, Wireless G and Wireless 108G models of routers. By providing such products, D-Link has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 19 is not applicable to Buffalo.

20.     Netgear, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its G Wireless, Super G Wireless, A/G Dual Band Wireless, RangeMax Wireless and RangeMax Next Wireless models of routers. By providing such products, Netgear has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 20 is not applicable to Buffalo.

21.     SMC Networks, on information and belief, manufactures and sells wireless routers utilizing the technology claimed in the '281 patent, including but not limited to its SMCWBR14-N2, SMCWBR14S-N2, SMCWGBR14-N, SMC7904WBRA2, SMCWBR14-G2, SMCWBR14T-G models of routers. By providing such products, SMC Networks has in the past and continues to infringe at least claim 1 of the '281 patent.

**ANSWER:**

Paragraph 21 is not applicable to Buffalo.

22.     The Defendants' infringement of the '281 patent alleged above has injured OptimumPath and thus, it is entitled to recover damages adequate to compensate for the Defendants' infringement, which in no event can be less than a reasonable royalty.

**ANSWER:**

Denied as to Buffalo.  Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 against the other Defendants, and therefore denies them.

**DEMAND FOR JURY TRIAL**

23.     OptimumPath hereby demands a jury trial on all claims and issues triable of right by a jury.

**ANSWER:**

No response is necessary.  Buffalo further denies that OptimumPath is entitled to any of the relief that it requests in its Prayer for Relief.

**DEFENSES OF DEFENDANT BUFFALO TECHNOLOGY (USA) INC.**

**First Defense**
**(Failure to State a Claim)**

OptimumPath fails to state a claim upon which relief can be granted.

**Second Defense**
**(Non-Infringement)**

The products that Buffalo uses, sells, offers to sell, and imports into, and distributes in, the United States do not infringe any valid and enforceable claim of the '281 patent either directly, contributorily, or by inducement.

**Third Defense**
**(Invalidity)**

Each claim of the '281 patent asserted against Buffalo is invalid and for failing to comply with one or more of the conditions for patentability under 35 U.S.C. §§ 101 *et seq*.

**Fourth Defense**
**(Inequitable Conduct)**

An applicant for a patent has a duty to prosecute a patent application in the U.S. Patent and Trademark Office (USPTO) with candor, good faith, and honesty. This duty extends to every person involved in a substantial way with the prosecution of the patent application, including the inventors of the '281 patent. On information and belief, the '281 patent was obtained through inequitable conduct as stated with particularity below.

Anthony Spearman is listed as an inventor on the '281 patent. Mr. Spearman was also an owner of WP Media, Inc. in 1999. In 1999, WP Media installed wireless routers in the city of Kingstree, South Carolina. This installation began more than one year prior to the September 13, 2000, filing date of the '281 patent.

Thus, Mr. Spearman and/or others substantially involved in the prosecution of the '281 patent knew of the installation of the wireless routers by WP Media in Kingstree; however, no one substantially involved in the prosecution of the '281 patent ever made the Kingstree system known to the USPTO examiner who allowed the '281 patent.

The wireless routers installed by WP Media in Kingstree used a LINUX operating system and had security features similar, if not identical, to the authentication process that takes place within the wireless provisioning device described and claimed in the '281 patent. Further, the system of wireless routers that WP Media installed in Kingstree met all of the limitations of claims 1-3, 6, 10, 13, and 14 of the '281 patent, except that the wireless cards in the Kingstree system may have been external to the routers.

During prosecution of the '281 patent, the applicants for the '281 patent distinguished their application claims from the prior art applied by the USPTO to reject those claims, based on distinctions that did not exist in the Kingstree system. For example, the applicants argued that their application claims were distinguishable from U.S. Patent No. 5,745,884 ("Carnegie") because, in Carnegie, "authentication takes place [in a device] which is a separate device housed separately from [another device that connects users to the internet]." (Amendment dated 1/22/02.) But the wireless routers of the WP Media system performed both of those functions in a single device. As another example, the applicants argued that U.S. Patent No. 6,311,042 ("DeSchrijver") "performs authentication at a database 68, which is a location separate and distinct from that of the server where the operating system resides." (Amendment dated 7/24/02 at 5.) The applicants also argued that the applications claims were distinguishable from U.S. Patent No. 6,272,129 ("Dynarski") because "authentication does not take place at the location of the OS as is the case with the present invention. (Amendment dated 8/18/03 at 12-13.) The

applicants did not, however, disclose to the USPTO that the wireless router of the WP Media system had a LINUX operating system that performed authentication.

In view of the above, the wireless routers installed by WP Media in Kingstree establish, either alone or in combination with other prior art information, that more likely than not, one or more claims of the '281 patent would have failed to meet one of the requirements for a patent. Additionally, there is a substantial likelihood that a reasonable patent examiner would have considered installation of the wireless routers in Kingstree to be important in deciding whether or not to allow the claims of the '281 patent to issue.  Thus, the wireless routers installed in Kingstree were material to the patentability of the '281 patent.

At least one of the named inventors or others substantially involved in the prosecution of the '281 patent withheld from the USPTO the existence of the wireless routers that WP Media installed in Kingstree.  Because WP Media was owned by at least one of the inventors of the '281 patent and because WP Media's system in Kingstree was highly material to the patentability of the '281 patent, it can be inferred from the circumstances that, by withholding the Kingstree system from the USPTO, at least one inventor or person substantially involved in the prosecution of the '281 patent acted with an intent to deceive the USPTO.

As a result of inequitable conduct, the '281 patent is unenforceable.

## PRAYER FOR RELIEF

Wherefore, Buffalo prays that OptimumPath takes nothing on its claims, and that the Court enter judgment:

1.    dismissing OptimumPath's Complaint with prejudice;

2.    that each of the claims of the '281 patent is unenforceable and/or invalid and/or not infringed; and

3.      awarding Buffalo such further necessary relief as the Court may deem just or proper.


DATED: April 23, 2008

                                          RESPECTFULLY SUBMITTED BY

                             By:      /s/ Sarah P. Spruill
                                      Manton M. Grier, D.S.C. No. 2461
                                      Sarah P. Spruill, D.S.C. No. 8054
                                      **Haynsworth Sinkler Boyd, P.A.**
                                      1201 Main Street, 22nd Floor
                                      Columbia, SC 29201-3232
                                      Telephone:  (803) 779-3080
                                      Facsimile:  (803) 765-1243
                                      mgrier@hsblawfirm.com
                                      sspruill@hsblawfirm.com

                                      Richard D. Kelly
                                      Robert C. Mattson
                                      Takahiro Miura
                                      Frank J. West
                                      Kenneth D. Wilcox
                                      **Oblon, Spivak, Mcclelland,
                                        Maier & Neustadt P.C.**
                                      1940 Duke Street
                                      Alexandria, Virginia 22314
                                      Telephone:  (703) 412-7049
                                      Facsimile:  (703) 413-2220
                                      rkelly@oblon.com
                                      rmattson@oblon.com
                                      tmiura@oblon.com
                                      fwest@oblon.com
                                      kwilcox@oblon.com

                                      *Attorneys for Defendant*
                                      *Buffalo Technology (USA) Inc.*