**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| OPTIMUMPATH, L.L.C., | Case No. 4:08-CV-00317-TLW-TER |
| Plaintiff, | |
| vs. | **ANSWER OF COMPEX, INC. TO PLAINTIFF'S ORIGINAL COMPLAINT** |
| BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., CISCO-LINKSYS, L.L.C., COMPEX INC., D-LINK SYSTEMS, INC., NETGEAR, INC. and SMC NETWORKS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendant Compex, Inc. ("Compex") answers the Original Complaint ("Complaint") filed

by Plaintiff OptimumPath, L.L.C. ("OptimumPath") as follows:

**ANSWER**

**THE PARTIES**

1.      Compex lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 1 and on that basis denies these allegations.

2.      Compex lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 2 and on that basis denies these allegations.

3.      Compex lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 3 and on that basis denies these allegations.

4.      Compex lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 4 and on that basis denies these allegations

5.      Compex admits so much of paragraph 5 as alleges it is a California corporation. Compex expressly denies the remaining allegations of paragraph 5.

6.      Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies these allegations.

7.      Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies these allegations.

8.      Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies these allegations.

## JURISDICTION AND VENUE

9.      Compex admits that OptimumPath purports to bring an action arising under the federal patent statute and that this Court has original jurisdiction over such action.  Except as expressly admitted, Compex denies the allegations of paragraph 9.

10.      Denied.

## PATENT INFRINGEMENT COUNT

11.      Compex admits that United States Patent No. 7,035,281 entitled "Wireless Provisioning Device" issued on April 25, 2006, and that a copy was attached as Exhibit "A" to OptimumPath's Complaint.  Except as expressly admitted, Compex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and on that basis denies these allegations.

12.      Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies these allegations.

13.      Compex admits that pursuant to 35 U.S.C. § 282 a patent shall be presumed valid. Except as expressly admitted, Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies these allegations.

14.     Compex admits that Anthony C. Spearman and Andrew E. Tompkins are named as inventors on United States Patent No. 7,035,281.  Except as expressly admitted, Compex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and on that basis denies these allegations.

15.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies these allegations.

16.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies these allegations.

17.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies these allegations.

18.     Denied.

19.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies these allegations.

20.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies these allegations.

21.     Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies these allegations.

22.     Compex denies the allegations of paragraph 22 directed to Compex.  Compex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 directed to other defendants and on that basis denies these allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof which would otherwise reside with OptimumPath, Compex asserts its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

23.     U.S. Patent No. 7,035,281 and each of the claims are invalid for failure to comply

with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

### (Non-infringement)

24.     Compex has not and does not infringe any one or more valid and enforceable claims

of U.S. Patent No. 7,035,281.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

25.     On information and belief, the relief sought by OptimumPath is barred in whole or in

part under the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

26.     On information and belief, the relief sought by OptimumPath is barred in whole or in

part because of OptimumPath's or its licensees' failure to comply with 35 U.S.C. § 287(a).

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

27.     On information and belief, the relief sought by OptimumPath is barred in whole or in

part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

28.    Compex has not sold or offered to sell products in this jurisdiction and does have

sufficient contacts directed toward this jurisdiction to permit the Court to exercise jurisdiction over

its person consistent with the requirements of due process.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

29    OptimumPath's Complaint fails to state any claim upon which relief may be granted.

30.    Compex reserves the right to amend its answer to assert further defenses based on

future discovery in the lawsuit.

## REQUEST FOR RELIEF

WHEREFORE, Compex prays that OptimumPath takes nothing on its claims, and that the Court

enter judgment:

1.    dismissing OptimumPath's Complaint with prejudice;

2.    that each of the claims of the '281 patent is unenforceable and/or invalid and/or not

infringed; and

3.    awarding Compex such further necessary relief as the Court may deem just or proper.

Respectfully submitted,

DATED:  May 23, 2008                    HAYNSWORTH SINKLER BOYD, P.A.


By   s/ Sarah P. Spruill
        Manton M. Grier, D.S.C. No. 2461
        Sarah P. Spruill, D.S.C. No. 8054
        1201 Main Street, Suite 2200 (29201)
        Post Office Box 11889 (29211)
        Columbia, South Carolina
        Telephone: 803.779.3080
        mgrier@hsblawfirm.com
        sspruill@hsblawfirm.com


        *Attorneys for Defendant Compex, Inc*.

6