| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>  Charles K. Verhoeven (Bar No. 170151)<br>  charlesverhoeven@quinnemanuel.com<br>  Carl G. Anderson (Bar No. 239927)<br>  carlanderson@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California  94111<br>Telephone:     (415) 875-6600<br>Facsimile:     (415) 875-6700<br><br>Victoria F. Maroulis (Bar No. 202603)<br>  victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores , California  94065<br>Telephone:     (650) 801-5000<br>Facsimile:     (650) 801-5100<br><br>Attorneys for Defendants<br>Belkin International, Inc., Cisco-Linksys LLC, D-Link Systems, Inc. and NETGEAR, Inc. | Breck E. Milde, Esq. (Cal. Bar No. 122437)<br>bmilde@terra-law.com<br>Mark W. Good, Esq. (Cal. Bar No. 218809)<br>mgood@terra-law.com<br>TERRA LAQ, LLP<br>177 Park Avenue, Third Floor<br>San Jose, California 95113<br>Tel:  (408) 299-1200<br>Fax:  (408 998-4895<br><br>Edward W. Goldstein<br>egoldstein@gfpiplaw.com<br>Corby R. Vowell<br>cvowell@gfpiplaw.com<br>GOLDSTEIN, FAUCETT & PREBEG, LLP<br>1177 West Loop South, Suite 400<br>Houston, Texas 77027<br>Tel:  (713) 877-1515<br>Fax:  (713) 877-1145<br><br>Counsel for Plaintiff OptimumPath, L.L.C. |

*[SEE SIGNATURE PAGE FOR ADDITIONAL COUNSEL LISTING]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPTIMUMPATH, L.L.C.,<br><br>             Plaintiff,<br><br>      vs.<br><br>BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., CISCO-LINKSYS L.L.C., COMPEX INC., D-LINK SYSTEMS, INC., NETGEAR, INC. and SMC NETWORKS, INC.,<br><br>             Defendants. | CASE NO. 4:09-CV-1398-CW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's Order of May 13, 2009 and Civil L.R. 16-9, Plaintiff

OptimumPath, L.L.C. ("OptimumPath" or "Plaintiff") together with Defendant Belkin

International, Inc. ("Belkin"), Defendant Buffalo Technology (USA), Inc. ("Buffalo"), Defendant

Cisco-Linksys LLC ("Cisco-Linksys"), Defendant Compex Inc. ("Compex"), Defendant D-Link

1 Systems, Inc. ("D-Link"), Defendant NETGEAR, Inc. ("NETGEAR"), and Defendant SMC
2 Networks, Inc. ("SMC Networks") (collectively "Defendants"), respectfully submit the following
3 Joint Case Management Statement in preparation for the July 14, 2009 Case Management
4 Conference. Counsel for the parties conducted a teleconference on July 1, 2009.

6 **1.     Jurisdiction and Service**

7 This Court has jurisdiction over the subject matter of OptimumPath's claims of patent
8 infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281.
9 This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C.
10 § 1338(a). All of the Defendants have been served in this case.
11 This Court has jurisdiction over Defendants' counterclaims, which arise under the patent
12 laws of the United States, 35 U.S.C. § 1 *et seq*, and the Declaratory Judgment Act, 28 U.S.C.
13 §§ 2201-2202, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15 **2.     Facts**

16 Plaintiff OptimumPath alleges that each of the Defendants infringes claim 1 of U.S. Patent
17 No. 7,035,281 ("the '281 patent") titled "Wireless provisioning device." The '281 patent, in
18 general, relates to wireless devices used in computer networks and telecommunications. Plaintiff
19 claims that Defendants infringe claim 1 by manufacturing and selling wireless routers
20 incorporating the technology disclosed and claimed in the '281 patent.
21 Defendants are providers of wireless routers for home and business applications.
22 Defendants deny that any products identified in Plaintiff's complaint infringe claims of the '281
23 patent and contend that the asserted claim is invalid and/or unenforceable.

25 **3.     Legal Issues**

26 Plaintiff asserts that Defendants infringe claim 1 of the '281 patent in accordance with 35
27 U.S.C. § 271(a). Plaintiff also contends that it is entitled to damages in accordance with 35
28 U.S.C. § 284.

Defendants have asserted various affirmative defenses to OptimumPath's allegations of patent infringement including non-infringement, invalidity and unenforceability. Defendants Belkin, Cisco-Linksys, D-Link, NETGEAR and SMC Networks each counterclaim against OptimumPath for a declaratory judgment that (1) they have not and are not now directly infringing, contributorily infringing or inducing infringement of the '281 patent and/or (2) the '281 patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

### 4.  Motions

There are no pending motions. The parties anticipate the need for a protective order in this case to govern the disclosure of confidential materials.

Defendants anticipate filing summary judgment motions of non-infringement and invalidity.

### 5.  Amendment of Pleadings

The parties do not anticipate adding any other parties at this time. The parties have agreed to amend their pleadings by October 26, 2009, the date listed in the parties' proposed schedule, or thereafter to seek leave of the Court to amend.

### 6.  Evidence Preservation

The parties do not anticipate the need for a preservation order in this case. The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might be captured by some interim backup on an unknown date. Therefore, the parties agree that each party can continue the standard disaster recovery systems protocol used by that party.

///

///

///

**7.   Disclosures**

The parties have not yet exchanged initial disclosures, but will do so on July 24, 2009, the date listed in the parties' proposed schedule.

**8.   Discovery**

The parties have not yet taken any discovery in this case.

Plaintiff anticipates taking discovery on issues related to liability and infringement, including the design and operation of Defendants' accused products. Plaintiff also anticipates taking discovery on damages issues, including sales of the accused products, as well as discovery related to Defendants' affirmative defenses and counterclaims.

Defendants anticipate taking discovery on claim construction issues, the non-infringement, invalidity and unenforceability of the '281 patent, issues related to the limitation of equitable relief and damages.

The parties do not believe that additional limitations on discovery other than those set forth in the Federal Rules of Civil Procedure are needed, but request the Court order that each 7 hours of deposition, including depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6), count as one deposition for the purposes of the presumptive limit under Federal Rule of Civil Procedure 30(a)(2), with the following exceptions:

(1) Defendants will cooperate to take the deposition of the inventors, each of whom will be available for up to 14 hours, each inventor counting as one deposition; and

(2) depositions of expert witnesses, who shall be available for 7 hours of deposition per expert report submitted, will not be counted under Federal Rule of Civil Procedure 30(a)(2).

Defendants will confer in good faith to avoid deposing the same witness more than once in his or her personal capacity. Plaintiff reserves its rights to object to more than one deposition of the same witness.

The parties have also agreed that (1) drafts of expert reports will not be produced and (2) that privileged communications occurring after the filing of the original complaint on January 30, 2008 need not be disclosed or described on any privilege log.

**9.     Class Actions**

This is not a class action litigation.

**10.    Related Cases**

There are no past or present cases related to the present litigation.

**11.    Relief**

Plaintiff contends it is entitled to damages adequate to compensate it for the Defendants' alleged infringement. In accordance with the patent laws, OptimumPath contends it is entitled to at least a reasonable royalty for Defendants' alleged infringement of the claimed invention.

Defendants' prayers for relief include (1) that Plaintiff's Complaint be dismissed in its entirety with prejudice; (2) an order that no damages or royalties are due or owed by Defendants for any of the acts alleged by Plaintiff; (3) a declaratory judgment that the '281 patent has never been, and is not now, directly infringed, contributorily infringed, or infringed by inducement by Defendants anywhere in the United States; (4) a declaratory judgment that '281 patent is invalid; (5) a declaratory judgment that the '281 patent is unenforceable; and (6) an order awarding Defendants reasonable costs and its attorneys fees pursuant to 35 U.S.C. § 285.

**12.    Settlement and ADR**

The parties have reviewed the ADR procedures in ADR L.R. 3-5, and have not agreed on an appropriate form of ADR for this case. An ADR Phone Conference is scheduled for July 7, 2009 at 11:00 a.m.

Plaintiff believes that private mediation is the preferred form of ADR.

Defendants each request that the Court arrange a settlement conference with a Magistrate Judge. Subject to the Court's convenience, Defendants will be further prepared to discuss at the

1  Case Management Conference particular Magistrate Judges in this district who may be available
2  to conduct a settlement conference in this action.

### 13. Consent to Magistrate Judge for All Purposes

The parties do not consent to referral to a Magistrate Judge for proceedings in this case.

### 14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Plaintiff is not currently aware of issues that can be narrowed by agreement or motion, suggestions to expedite the presentation of evidence at trial.

Defendants Belkin, Cisco-Linksys, D-Link and NETGEAR (but not Defendants Buffalo, Compex or SMC Networks) are requestors in a pending *inter partes* reexamination of the '281 patent. At this time Belkin, Cisco-Linksys, D-Link and NETGEAR are not aware of any issues before this Court affected by the reexamination proceeding.

### 16. Expedited Schedule

The parties do not believe that this case is appropriate for handling on an expedited basis with streamlined procedures.

### 17. Scheduling

The parties propose the following dates for scheduling in this case:

| Event | Proposed Dates |
| --- | --- |
| Initial Disclosures | July 21, 2009 |
| Disclosure of Asserted Claims and Infringement Contentions and accompanying document production [Pat. L.R. 3.1-3.2] | July 24, 2009 |

| Event | Proposed Dates |
|---|---|
| Invalidity Contentions and accompanying document production [Pat. L.R. 3.3-3.4] | September 7, 2009 |
| Exchange of Proposed Terms and Claim Elements for Construction [Pat. L.R. 4.1.a-b.] | September 17, 2009 |
| Exchange of Preliminary Claim Constructions and Preliminary Identifications of Extrinsic Evidence [Pat. L.R. 4.2.a-b.] | October 7, 2009 |
| Deadline to Amend Pleadings | October 26, 2009 |
| Joint Claim Construction and Prehearing Chart [Pat. L.R. 4.3] | November 6, 2009 |
| Completion of Claim Construction Discovery [Pat. L.R. 4.4] | December 7, 2009 |
| Opening Claim Construction Brief [Pat. L.R. 4.5.a.] | December 18, 209 |
| Responsive Claim Construction Brief [Pat. L.R. 4.5.b] | January 8, 2010 |
| Reply Claim Construction Brief [Pat. L.R. 4.5.c] | January 15, 2010 |
| Claim Construction Hearing [Pat. L.R. 4.6] | February 2010, Subject to Court's availability |
| Disclosure of Advice of Counsel [Pat. L.R. 3.8] | July 9, 2010 |
| Close of Fact Discovery | July 16, 2010 |
| Designation of Expert Witnesses and Exchange of Initial Expert Reports for which party bears burden | August 20, 2010 |
| Designation of Rebuttal Experts and exchange of Rebuttal Expert Reports | September 3, 2010 |
| Close of Expert Discovery | October 8, 2010 |
| Deadline to File any motion to limit or exclude Expert Testimony | October 21, 2010 |
| Oppositions to Expert Motions Due | November 4, 2010 |
| Replies ISO Expert Motions Due | November 11, 2010 |
| Deadline to File Dispositive Motions | December 2, 2010 |
| Oppositions to Dispositive Motions Due | December 16, 2010 |
| Replies ISO Dispositive Motions Due | December 23, 2010 |
| Parties to Exchange Civil L. R. 16-10(b) papers and proposed Motions in Limine | March 11, 2011 |

| Event | Proposed Dates |
|---|---|
| Lead Counsel to Meet and Confer re: Pretrial Disclosures and Settlement | March 22, 2011 |
| Parties to Submit Pretrial Materials and Motions in Limine | April 1, 2011 |
| Oppositions to Motions in Limine Due | April 6, 2011 |
| Suggested Date of Pretrial Conference | April 11, 2011 or thereafter, Subject to Court's availability |

**18.     Trial**

The parties have requested a jury trial.  The parties believe that trial of this case can be completed in 10 trial days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

The parties have filed the appropriate certifications of interested parties.

**20.     Other Matters**

The parties are not aware of any other matters to be addressed by the Court at the Case Management Conference other than those already expressed herein.

DATED:  July 2, 2009                TERRA LAW, LLP


                                    By   /s
                                       Breck E. Milde
                                       Counsel for Plaintiff OptimumPath, L.L.C.

DATED:  July 2, 2009                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                    By   /s
                                       Carl Anderson

                                       Attorneys for Defendants
                                       Belkin International, Inc., Cisco-Linksys LLC,
                                       D-Link Systems, Inc. and NETGEAR Inc.

| | | |
|---|---|---|
| 1 | DATED: July 2, 2009 | VASQUEZ BENISEK & LINDGREN LLP |

By /s
Richard C. Vasquez (CA SBN 127228)
RVasquez@vbllaw.com
Eric W. Benisek (CA SBN 209520)
EBenisek@vbllaw.com
Craig E. Davis (CA SBN 221356)
CDavis@vbllaw.com
Avin P. Sharma (CA SBN 233328)
ASharma@vbllaw.com
3685 Mt. Diablo Blvd., Suite 300
Lafayette, California 94549
Telephone: (925) 627-4250
Facsimile: (925) 403-0900

Attorneys for Defendants
Buffalo Technology (USA), Inc., and
SMC Networks, Inc.

DATED: July 2, 2009        OBLON, SPIVAK, MCCLELLAND MAIER & NEUSTADT, P.C.

By /s
Richard D. Kelly (Pro Hac Vice)
Takahiro Miura (Pro Hac Vice)
Frank J. West (Pro Hac Vice)
Robert C. Mattson (Pro Hac Vice)
1940 Duke Street
Alexandria, VA 22314
Tel.:   (703) 413-3000
Fax:   (703) 413-2220
Email: rkelly@oblon.com
           rmattson@oblon.com
           fwest@oblon.com
           tmiura@oblon.com

Counsel forDefendant
Buffalo Technology (USA), Inc.

DATED: July 2, 2009        STETINA BRUNDA GARRED & BRUCKER

By /s

| | |
|---|---|
| 1 | Bruce B. Brunda (CA SBN 108,898) |
| 2 | BBrunda@stetinalaw.com |
|   | Lowell Anderson (CA SBN 105,323) |
| 3 | LAnderson@stetinalaw.com |
|   | 75 Enterprise, Suite 250 |
| 4 | Aliso Viejo, California 92656 |
|   | Telephone (949) 855-1246 |
| 5 | Facsimile (925) 403-0900 |
| 6 |   |
|   | Attorneys for Defendant |
| 7 | Compex, Inc. |

I attest that Eric Benisek, Frank West and Bruce Brunda have authorized me to sign electronically this document on their behalf.

Dated: July 2, 2009                         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s

Carl. G. Anderson