GOLDSTEIN, FAUCETT & PREBEG, LLP
 Edward W. Goldstein
 egoldstein@gfpiplaw.com
 Corby R. Vowell
 cvowell@gfpiplaw.com
 Stephen F. Schlather
 sschlather@gfpiplaw.com
1177 West Loop South, Suite 400
Houston, Texas 77027
Tel:    (713) 877-1515
Fax:   (713) 877-1145

TERRA LAW, LLP
 Breck E. Milde, Esq. (Bar No. 122437)
 bmilde@terra-law.com
 Mark W. Good, Esq. (Bar No. 218809)
 mgood@terra-law.com
177 Park Avenue, Third Floor
San Jose, California 95113
Tel:    (408) 299-1200
Fax:   (408) 998-4895

Attorneys for Plaintiff OptimumPath, L.L.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| OPTIMUMPATH, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., CISCO-LINKSYS, LLC, COMPEX, INC., D-LINK SYSTEMS, INC. NETGEAR, INC. AND SMC NETWORKS, INC., <br><br> Defendants. | CASE NO. 4:09-CV-1398-CW <br><br> **PLAINTIFF OPTIMUMPATH, L.L.C.'S NOTICE OF MOTION AND MOTION TO STAY** <br><br> Date: January 21, 2010 <br><br> Time: 2:00pm <br><br> Room: Courtroom 2, 4th Floor <br><br> Judge: Honorable Claudia Wilken |

**NOTICE OF MOTION AND MOTION TO STAY**

PLEASE TAKE NOTICE that on Thursday, January 21, 2010, before the Honorable Claudia Wilken in Courtroom No. 2, 4th Floor, 1301 Clay Street, Oakland, California, Plaintiff OptimumPath, L.L.C. ("OptimumPath") will move, and hereby does move, to stay the present

-1-

case pending resolution of an appeal filed by Belkin, Cisco, D-Link and Netgear (the Reexamination "Requester") in an *Inter Partes* Reexamination proceeding challenging the United States Patent and Trademark Office's ("U.S.P.T.O.") confirmation of claims 1-3 and 8-10 of U.S. Patent No. 7,035,281 (the "'281 Patent") owned by OptimumPath.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

OptimumPath respectfully asks the Court to stay the present case at this early stage in order to allow for the resolution of an appeal of the U.S.P.T.O.'s confirmation of claims 1-3 and 8-10 of OptimumPath's '281 Patent.

A stay is proper here because (1) discovery in this case is just beginning and has not progressed to any substantial extent, (2) resolution of the reexamination will likely simplify many issues in the case and (3) the defendants will not be prejudiced by a stay resulting from the reexamination and appeal they filed. Despite these factors, which clearly favor staying the case and despite seeking reexamination of OptimumPath's patent in the first instance, the Defendants oppose OptimumPath's motion for stay.

### II. Statement of Issues to be Decided

(1) Whether this case should be stayed pending resolution of the Requester's appeal of the U.S.P.T.O.'s confirmation of all claims of OptimumPath's '281 Patent.

### III. Statement of Facts

On January 30, 2008, OptimumPath filed suit against Belkin, et al. in the District of South Carolina. On April 23, 2008, the defendants moved to transfer the case to this court.

Subsequent to the defendants' motion to transfer, on May 5, 2008, the Parties filed a joint motion to stay the South Carolina case while the motion to transfer was pending.

Despite the fact that the case was stayed and almost nine months after the complaint was filed, Requester, on October 13, 2008, filed a request for an *inter partes* reexamination of all 32 claims of OptimumPath's '281 Patent. On January 12, 2009, the U.S.P.T.O denied the request with respect to claims 4-7 and 11-32 and ordered reexamination of claims 1-3 and 8-10. On February 4, 2009, Requester filed a petition requesting that the Director of the Office of Patent Legal Administration (the "Director") order the Reexamination of claims 4-7 and 11-32.

On March 26, 2009, immediately prior to the South Carolina court's transfer of this case, the U.S.P.T.O. confirmed the patentability of claims 1-3 and 8-10 without amendment.

On July 10, 2009, the Director denied the Requester's petition. Since the petition and prosecution were closed, the U.S.P.T.O. issued a Right of Appeal Notice on July 31, 2009.

The Requester chose to appeal the confirmation of claims 1-3 and 8-10 by filing a notice of appeal on August 31, 2009 – approximately <u>six months</u> after the U.S.P.T.O.'s confirmation notice. The Requester's appeal brief was filed on October 28, 2009 – <u>just over one month ago</u> – and cites many of the same pieces of prior art that are have been identified by the defendants in their invalidity contentions. In fact, each piece of prior art relied upon by the Requester to support their appeal has been identified in their invalidity contentions as well.

Since the case was transferred to this Court, very little discovery has taken place. No depositions have been taken and only a single, third party deposition has even been noticed. Although the parties have exchanged contentions and initial interrogatories, virtually no

-3-

document production has occurred. In fact, the parties are only now finalizing an agreed protective order to allow for substantive document production.

## IV. Argument and Authorities

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings" since Congress set-up the procedure to provide "an inexpensive, expedient means of determining patent validity." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380-1381 (N.D. Cal. 1994). District courts have broad discretion in determining these motions. *Id*; *Ethicon, Inc. V. Quiqq*, 849 F. 2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether to stay a case pending re-examination, the Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc*., 450 F. Supp.2d 1107, 1111 (N.D. Cal. 2006). Here, these factors weigh very clearly in favor of staying this case pending the outcome of Requester's appeal.

### A. Is Discovery Complete?

Despite having been filed almost 2 years ago, this case is still in its infancy. OptimumPath's motion to stay precedes any claim construction briefing, depositions, dispositive motions or trial. In fact, the parties are still at the initial stages of claim construction and have not even agreed on the claim terms that will require construction by the Court. Although a trial date has been set, this date has been in place since the Court issued its Scheduling Order on July 21,

2009 and is not indicative that trial is imminent.[1] Courts have held that this factor weighs in favor of a stay even if a trial date is set if the date is not imminent. *Alza Corp. v. Wyeth*, No. Civ.A. 9:06-CV-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006) (holding that this factor favored a stay where trial was sixteen months away). Moreover, very few documents have even been produced. Therefore, the early stage of this litigation weighs in favor of granting a stay pending reexamination. *Target Therapeutics, Inc. v. SciMed Life Sys., Inc*. 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time…invested in the litigation weighed in favor of staying the litigation").

So, rather than being complete or even substantially complete, discovery in this case has just begun and has not advanced significantly since the filing of the Requester's Appeal Brief. Therefore, this factor weighs heavily in favor of granting OptimumPath's motion and staying the case.

B.  Will a Stay Simplify the Issues?

Resolution of the reexamination will simplify the issues in this case.  The prior art cited by the Defendants in support of their appeal is also cited in their invalidity contentions. Notwithstanding the fact that the defendants are clearly trying to get at least three bites at the apple (one during the initial reexamination, one during the appeal of the U.S.P.T.O.'s confirmation and one at trial), if the Board of Patent Appeals and Interferences upholds the examiner's decision that the claims are patentable, the '281 Patent will have a presumption of validity over this cited art. A stay would allow these issues to be resolved so that the case could then move forward with the Parties subject to the proper standards.

---

[1] Trial in this case is currently set for May 23, 2011.

The U.S.P.T.O. has confirmed that all the claims of the '281 Patent are patentable. Nonetheless, it is possible that the Board of Patent Appeals and Interferences (the "Board") will overturn or modify the decision of the Examiner. Such a decision could possibly impact which claims are being asserted in this case and could also impact which terms require construction by the Court. For instance, since reexamination in question is *inter partes*, if the Board confirms the claims as valid, the Court need not consider the prior art the defendants presented or could have presented to the U.S.P.T.O. *See*, 35 U.S.C. § 315(c). Unlike *ex parte* reexamination, *inter partes* reexamination has a res judicata effect. *Tomco2 Equipment Co. v. Southeastern Argi-Systems, Inc.*, 542 F.Supp.2d. 1303, 1309 (N.D. Ga. 2008) ("the Court notes that an *inter partes* reexamination…has great potential for simplifying issues. It has a *res judicata* effect, and it allows the court to consider the expertise of the PTO before making its own conclusions"); *Arlington Ind., Inc. v. Bridgeport Fittings, Inc.*, No. 3:cv-06-1105, 2008 U.S. Dist. Lexis 49931, at *11 (M.D. Pa. June 27, 2008) ("Because of the *res judicata* effect of an *inter partes* reexamination, the court found that the issues would be simplified). Because *inter partes* reexamination permits the defendants to participate in the reexamination process, they will be estopped from asserting the invalidity of any claim of the '281 Patent finally determined to be valid and patentable on any ground which they raised or could have raised during the *inter partes* reexamination proceedings. 35 U.S.C. § 315(c); *Procter & Gamble Co. V. Kraft Foods Global Inc.*, No. C 07-4413, 2007 WL 2990152, at *1 (N.D. Cal. Oct. 11, 2007) ("[A]n *inter partes* reexamination can have no other effect but to streamline ongoing litigation" because such proceedings "impose estoppel restraints upon third-party requesters.") Therefore, no matter what the final result of the reexamination, the issues in this case will be greatly simplified.

In the absence of a stay, this Court would be required to resolve the validity of this patent in parallel with the U.S.P.T.O. Clearly, this would result in an inefficient use of the Court's time. Additionally, it would be a waste of the Court's and the Parties' time to litigate claims that may ultimately require amendment or cancellation as a result of the reexamination. It would likewise be inefficient for the Court and the Parties to spend significant resources on claim construction when these issues could change once the Requester's appeal is concluded.

So, while the reexamination is not likely to completely dispose of this case, at minimum the issues will change significantly. A stay now would help to mitigate any waste of time and resources incurred as a result of the U.S.P.T.O.'s actions. For these reasons, this factor also heavily favors granting OptimumPath's motion.

C. <u>Will a Stay Unduly Prejudice the Defendants?</u>

Far from prejudicing the defendants, the very need for a stay in this case was necessitated by the Reexam Defendants' request for reexamination and subsequent appeal of the PTO's confirmation decision. In fact, had an appeal not been filed, a stay would not have been necessary because the U.S.P.T.O. examiner had already issued his confirmation of the claims following his substantive reexamination of OptimumPath's Patent on March 26, 2009. Believing the reexamination was concluded at that point, OptimumPath saw no need to request a stay once the case was transferred to this Court. It was not until the Requester filed its appeal brief that OptimumPath was able to evaluate the significant impact the appeal could have on the issues in this case.

In addition, the risk of prejudice to the nonmoving party is minimal where the U.S.P.T.O. issues its first action on the merits in a timely manner. *Ricoh Co. v. Aeroflex, Inc.*, 03-4669-MJJ,

2006 WL 3708069, at *2 (N.D. Cal. Dec. 14, 2006) (holding that there was little risk of prejudice due to delay because the U.S.P.T.O. issued its first action on the merits "relatively quickly—approximately 9 months after initiation of the reinvestigation"). By regulation *inter partes* reexamination proceedings are to be "conducted with special dispatch." 37 CFR 1.937(a). The Manual of Patent Examining Procedures (MPEP) § 2686.04 further provides that where the patent is the subject of litigation that has been stayed, the reexamination "will be expedited to the extent possible" and that "[a]ction on such a proceeding will take precedence to any other action" MPEP § 2686.04.

The reexamination of the '281 Patent has and will continue to move swiftly. In fact, not only was a first action on the merits issued within 4 months, all 32 claims were confirmed and prosecution was closed within 9 months. Additionally, in just over one year from the filing of the request for reexamination the appeal brief and respondent brief have both been filed, readying the case for Board review. Any delay caused by the stay will be necessarily shorter in the case than in a typical reexamination case because substantive reexamination of the '281 Patent has already occurred. The only portion of the reexamination proceeding that remains is the appeal. While there is no way to predict with certainty the amount of time the appeal will take to complete, it will certainly be a shorter period than most reexaminations.

Again, this case is in the early stages.Nonetheless, any delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D.Del. May 14, 2003). The delay in filing the request for *Inter Partes* reexamination and the appeal thereof would mitigate in favor of granting the stay as courts also consider dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. Methode Elecs., Inc. v. Infineon Techs. Corp., No. 99-21142, 2000

U.S. Dist. Lexis 20689, at *7 (N.D. Cal. Aug. 7, 2000) (Requester waited nine months before filing its request for reexamination).

In addition, the defendants were in favor of a stay in the case when their motion to transfer was pending – the outcome of which would have less impact on the case as a whole than the outcome of the pending reexamination.  Now, however, when it appears tactically convenient for them, the defendants have chosen to oppose OptimumPath's request for a stay.

Taking into account all of these considerations, it is clear that there would be no prejudice to the defendants.  Therefore, this factor also favors granting OptimumPath's motion and staying the case.

## V. Conclusion

Since each factor to be considered by the Court favors staying this case, OptimumPath respectfully requests that the Court grant its motion to stay.


Respectfully submitted,


Date: December 11, 2009                /s/ Edward W. Goldstein
                                       Edward W. Goldstein
                                       egoldstein@gfpiplaw.com
                                       Corby R. Vowell
                                       cvowell@gfpiplaw.com
                                       Stephen F. Schlather
                                       sschlather@gfpiplaw.com
                                       GOLDSTEIN, FAUCETT & PREBEG, LLP
                                       1177 West Loop South, Suite 400
                                       Houston, Texas 77027
                                       Tel:  (713) 877-1515
                                       Fax:  (713) 877-1145

                                       Breck E. Milde, Esq. (Cal. State Bar No. 122437)
                                       bmilde@terra-law.com

-9-
MOTION FOR STAY                                         CASE NO.: 09-CV-1398-CW

Mark W. Good, Esq. (Cal. State Bar No. 218809)
mgood@terra-law.com
TERRA LAW, LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Tel:  (408) 299-1200
Fax:  (408) 998-4895

*Attorneys for Plaintiff OptimumPath, L.L.C.*

-10-
MOTION FOR STAY    CASE NO.: 09-CV-1398-CW

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| OPTIMUMPATH, L.L.C.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BELKIN INTERNATIONAL, INC., BUFFALO TECHNOLOGY (USA), INC., CISCO-LINKSYS L.L.C., COMPEX INC., D-LINK SYSTEMS, INC., NETGEAR, INC. and SMC NETWORKS, INC.,<br><br>　　　　Defendants. | CASE NO. 4:09-CV-1398-CW<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING MOTION TO AMEND**

**THE COURT'S CASE MANAGEMENT ORDER**

CAME FOR CONSIDERATION Plaintiff's Motion to Stay. After consideration, the Court finds the Motion should be GRANTED.

IT IS THEREFORE ORDERED that this case is stayed pending resolution of the reexamination proceedings before the United States Patent and Trademark Office related to United States Patent No. 7,035,281.