1  Richard C. Vasquez (Bar No. 127228)
   Eric W. Benisek (Bar No. 209520)
2  Stephen C. Steinberg (Bar No. 230656)
   Avin P. Sharma (Bar No. 233328)
3  VASQUEZ BENISEK & LINDGREN LLP
   3685 Mt. Diablo Blvd., Suite 300
4  Lafayette, California 94549
   Tel.: (925) 627-4250
5  Fax.: (925) 403-0900

6  Attorneys for Defendant SMC Networks, Inc.

7  Charles K. Verhoeven (Bar No. 170151)
   Carl G. Anderson (Bar No. 239927)
8  QUINN EMANUEL URQUHART OLIVER &
   HEDGES, LLP
9  50 California Street, 22nd Floor
   San Francisco, California 94111
10 Tel.: (415) 875-6600
   Fax.: (415) 875-6700
11
   Victoria F. Maroulis (Bar No. 202603)
12 QUINN EMANUEL URQUHART OLIVER &
   HEDGES, LLP
13 555 Twin Dolphin Drive, Suite 560
   Redwood Shores , California 94065
14 Tel.: (650) 801-5000
   Fax.: (650) 801-5100
15
   Attorneys for Defendants Belkin International,
16 Inc., Cisco-Linksys LLC, D-Link Systems, Inc.
   and NETGEAR, Inc.

Edward W. Goldstein
Corby R. Vowell
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, Texas 77027
Tel: (713) 877-1515
Fax: (713) 877-1145

Breck E. Milde, Esq. (Bar No. 122437)
Mark W. Good, Esq. (Bar No. 218809)
TERRA LAW, LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Tel: (408) 299-1200
Fax: (408) 998-4895

Attorneys for Plaintiff OptimumPath, L.L.C.

17
18                    **UNITED STATES DISTRICT COURT**

19                   **NORTHERN DISTRICT OF CALIFORNIA**

                              **OAKLAND DIVISION**
20

21
   OPTIMUMPATH, L.L.C.,                          CASE NO. 4:09-CV-1398-CW
22
            Plaintiff,                           **STIPULATED PROTECTIVE ORDER**
23
         vs.
24
   BELKIN INTERNATIONAL, INC.,
25 BUFFALO TECHNOLOGY (USA), INC.,
   CISCO-LINKSYS, LLC, COMPEX, INC.,
26 D-LINK SYSTEMS, INC., NETGEAR, INC.
   AND SMC NETWORKS, INC.,
27
            Defendants.
28

## STIPULATION

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action will involve the disclosure of confidential information, it is hereby stipulated by and between Plaintiff OptimumPath, L.L.C. ("Plaintiff") on the one hand and Defendants Belkin International, Inc., Cisco-Linksys, LLC, D-Link Systems, Inc. NETGEAR, Inc. and SMC Networks, Inc., (collectively "Defendants") on the other hand, through their respective counsel of record, that the following Protective Order be entered to give effect to the terms and conditions set forth below.

## PROTECTIVE ORDER

This protective order ("Protective Order") is issued to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rule of this Court.  Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

In support of this Protective Order, THE COURT FINDS THAT:

I. Documents and/or information containing confidential research, development, business and/or commercial information and/or trade secrets within the meaning of Rule 26(c) ("Confidential Information")  are likely to be disclosed or produced during the course of discovery in this litigation;

II. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage;

III. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties

-1-

producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

IV.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should  be entered.

IT IS THEREFORE ORDERED THAT:

1.     This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or a non-party in discovery in this Action ("Action" shall include without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal) including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.     Discovery Material containing Confidential Information is referred to as "Confidential Material."  The following is not Confidential Material: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material, or (vi) information that was submitted to a governmental entity without request for confidential treatment.

3. In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

4. The producing party shall label or mark each document and thing that it deems to be Confidential Materials with the following term:

**"CONFIDENTIAL"**

5. The parties may designate as CONFIDENTIAL – OUTSIDE COUNSEL ONLY or CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY (where "X" is replaced by one or more defendants) those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements and other highly confidential technical, research and development, and financial information. These designations shall be made in good faith. Any defendant may designate information as CONFIDENTIAL – FOR PLAINTIFF AND X COUNSEL ONLY only if, in the good faith belief of such party and its counsel, the information satisfies the above criteria and should not be disclosed to the counsel for other defendants. Plaintiff may designate information as CONFIDENTIAL– FOR PLAINTIFF AND X COUNSEL ONLY only if, in the good faith belief of Plaintiff, the information relates solely to the patent infringement claims against, or defenses of, "X" (one or more specific defendants), and not to the claims or defenses of any other defendant.

The parties shall label or mark each such document or thing with the following term:

**"CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**

**or**

**"CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY"**

6.     As used herein, the term 'Computer Source Code' means computer source code or similarly highly confidential programming statements and/or instructions that in general are converted into machine language–or used in support of converting source code into machine language–by compilers, assemblers, or interpreters, and source code comments revision histories, and data that are held by a party within its source code control system.  Design documents, product and program specifications, and similar documents such as flow charts and functional diagrams, generally are not "Computer Source Code," shall not be designated as HIGHLY RESTRICTED CONFIDENTIAL and shall be treated and produced consistent with documents designated at levels of confidentiality lower than the HIGHLY RESTRICTED CONFIDENTIAL designation.  The parties acknowledge that because of the highly sensitive nature of Computer Source Code and because of the ease with which electronic media may be copied, transported, or stolen, a distinct level of protection is required for Computer Source Code as to which CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation would not provide adequate protection to the interests of the designating party and whose wrongful dissemination could result in irreparable harm to the designating party.  Such information may be designated as "Highly Restricted Confidential" by labeling or marking each such document or thing with the following:

**"HIGHLY RESTRICTED CONFIDENTIAL"**

Such designations shall be made only in good faith and should be used only for Computer Source Code as defined above.

7.     The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," on the face of each such document or thing.   Any such designation that is inadvertently omitted or misdesignated may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and

treat the materials as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark the Confidential Material and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

8.    In the case of deposition upon oral examination or written questions, such testimony shall be deemed CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of thirty (30) days after the deposition unless otherwise designated at the time of the deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.  If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the testimony will be deemed to be not "CONFIDENTIAL."

9.    In the case of written discovery responses and the information contained therein, the responses may be designated as containing CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or mis-

designated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

10.     In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL information by informing the receiving party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

11.     Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed CONFIDENTIAL – OUTSIDE COUNSEL ONLY unless otherwise designated at the time of inspection and shall be subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in paragraph 7 above prior to furnishing copies to the receiving party.

12.     Disclosure of CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material. Material designated as CONFIDENTIAL– FOR PLAINTIFF AND X COUNSEL ONLY may not be disclosed to defendants or outside counsel other than for "X" (one or more specific defendants). CONFIDENTIAL – OUTSIDE COUNSEL ONLY and CONFIDENTIAL– FOR PLAINTIFF

AND X COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

    a.    Counsel of record in this action for the receiving party, including both local and trial counsel, provided such persons agree to be bound by this Protective Order.

    b.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

    c.    The Court, its personnel and stenographic reporters (with such CONFIDENTIAL – OUTSIDE COUNSEL ONLY or CONFIDENTIAL– FOR PLAINTIFF AND X COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

    d.    At a deposition or at trial, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and

    e.    Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who (1) is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraphs 15 and 16 below.

13.     Disclosure of CONFIDENTIAL Material.  CONFIDENTIAL material and any information contained therein may be disclosed to the persons designated in paragraphs 12(a), 12(b), 12(c), 12(d) and 12(e) above.  Additionally, provided that disclosure to such persons shall be made only on the conditions set forth herein, CONFIDENTIAL material may be disclosed to: (a) no more than four (4) in-house counsel who act in a legal capacity for the receiving party, who are responsible for supervising this Action; and (b) no more than four (4) employees or officers of each party, including affiliated corporate entities.

Disclosure and dissemination of documents marked "CONFIDENTIAL" to such in-house counsel or employee shall be made only under the following conditions:

a.     One copy of any document marked "CONFIDENTIAL" may be provided by the party receiving it to each such individual where such documents are made exhibits to, are referred to or are relied on in connection with any motions, briefs or other papers filed with the Court or served by the producing party in this action; and

b.     Otherwise, such individuals may only view materials marked "CONFIDENTIAL" in the presence of outside counsel of record for the receiving party at outside counsel's offices, and shall not be provided with or be permitted to create or remove copies of such documents, nor be provided with or be permitted to create or remove any summaries, abstracts, compilations, notes or any other type of memorial or record of such documents.

14.     Disclosure of HIGHLY RESTRICTED CONFIDENTIAL Material.  HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a.     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic format, will be provided on two standalone computers with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computers").  The Standalone Computers will enable two persons separately to access simultaneously copies of the Computer Source Code.  The Standalone Computers shall be maintained in the sole control and custody of counsel of record for the producing party and

-8-

shall be maintained in the United States at an office of counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties. A designating party shall make its Computer Source Code available for inspection by those individuals acting for the receiving party who are authorized under this Order to have access to information designated HIGHLY RESTRICTED CONFIDENTIAL.

   b.   HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials described in paragraphs 7 – 10 above.

   c.   Only persons designated under paragraph 12(a) and 12(e) above shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

      (i)   The designating party must allow access to the Standalone Computers containing its Computer Source Code on reasonable terms and after reasonable notice by the requesting party. Generally, reasonable terms and notice are as follows: the Computer Source Code should be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time), so long as notice is provided to the designating party by not later than 10:00 a.m. local time two days prior to the day upon which access is desired. Access will also be provided on Saturdays and Sundays, so long as actual notice is provided to the designating party by not later than 10:00 a.m. local time on the Wednesday before the weekend for which access is requested. Access from 6:00 p.m. through 12:00 midnight local time on weekdays shall be provided so long as actual notice of such need is provided to the designating party by not later than 10:00 a.m. local time on the business day two days prior to the day upon which access is requested after 6:00 p.m. The requesting party shall make its best efforts to restrict its access to normal business hours. Counsel of record for the receiving party shall provide with the notice a list of individuals including attorneys seeking to access such Standalone Computers and

the designating party shall have the right to object to such access in accordance with paragraph 14 herein; and

(ii)     Each time a person accesses the Standalone Computers, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computers including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

d.     The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except as set forth herein.

(i)     A laser printer with an adequate paper supply shall be attached to the Standalone Computers and the receiving party shall make no more than 500 total pages of hard copies of HIGHLY RESTRICTED CONFIDENTIAL material that they in good faith consider to be necessary to proving the elements of their case.  In the event that the receiving party feels that this disclosure is inadequate, it may petition the Court for additional pages after reasonable time for review by the receiving party's expert.

(ii)     Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them.

(iii)     Any hard copies shall be conspicuously marked HIGHLY RESTRICTED CONFIDENTIAL in conformity with paragraphs 6 – 10 above.

(iv)     Receiving party shall keep a log including:  (a) the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; (b) the name of all persons accessing the HIGHLY RESTRICTED CONFIDENTIAL materials; and (c) the date and time of access of the HIGHLY RESTRICTED CONFIDENTIAL materials.

e.      All HIGHLY RESTRICTED CONFIDENTIAL materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

f.      All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

g.      Receiving party shall not convert any of the information contained in the hard copies into an electronic format, except when reproducing excerpts of the information in an expert report or a court filing, and then only according to the additional restrictions on HIGHLY RESTRICTED CONFIDENTIAL materials contained in this Order.

h.      At least sixty (60) days prior to the scheduled trial date, the parties shall meet and confer to discuss whether alternative arrangements should be made for the production of the COMPUTER SOURCE CODE just prior to, and during, trial.

i.      Modification of Source Code Provisions – The parties stipulated to the treatment of Computer Source Code in an effort to balance the parties' security concerns against their burdens in having to review and produce the information.  Should one or both of the parties come to believe that these provisions do not achieve this objective after a reasonable trial period, they may seek to modify these provisions pursuant to paragraph 24 and the trial period shall not prejudice their rights to seek such relief.

j.      Export Control Requirements:  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to HIGHLY RESTRICTED CONFIDENTIAL source code:

(i)      The receiving party acknowledges that the HIGHLY RESTRICTED CONFIDENTIAL source code received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws. The receiving party shall comply with such laws and agrees not to knowingly

-11-

1     export, re-export or transfer HIGHLY RESTRICTED CONFIDENTIAL source

2     code of the producing party without first obtaining all required United States or any

3     other applicable authorizations or licenses.  The receiving party acknowledges that

4     HIGHLY RESTRICTED CONFIDENTIAL source code disclosed by the

5     producing party may be subject to, including but not limited to, the U.S. Export

6     Administration Regulations (EAR), Export Control Classification Number (ECCN)

7     5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-

8     aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002

9     cryptography.

10         (ii)      The receiving party agrees to maintain adequate controls to prevent

11     nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country

12     Group D:1 or E from accessing the producing party's HIGHLY RESTRICTED

13     CONFIDENTIAL source code, subject to ECCN 5E001; or nationals outside the

14     U.S. and Canada from accessing such HIGHLY RESTRICTED CONFIDENTIAL

15     source code, subject to ECCN 5E002 – without U.S. Government authorization.

16     The receiving party furthermore, agrees to notify the producing party prior to

17     granting a foreign national, of countries listed in the groups D:1 or E, access to the

18     Standalone Computer, access to hard copies of HIGHLY RESTRICTED

19     CONFIDENTIAL source code, or placement on a project requiring receipt or

20     review of the producing party's HIGHLY RESTRICTED CONFIDENTIAL source

21     code.  The term "national" is defined as any person who is not a U.S. person or

22     national/citizen, lawful permanent resident, person granted asylum or refugee

23     status, or temporary resident granted amnesty.

24     15.     The Plaintiff, Defendants, and any of their employees or officers, any attorney

25 representing a party, whether in-house or outside counsel, and any person retained by a party or

26 attorneys of a party who obtains, receives, has access to, or otherwise learns, in whole or in part,

27 technical information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

28 CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to the subject matter of the patent-in-suit within two (2) years from disclosure of the technical information or one (1) year after conclusion of the litigation (including any appeals), whichever period is longer. Additionally, any person who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL under this Protective Order shall not prepare, prosecute, supervise, or assist in the in prosecution of any reexamination involving the patent in suit within two (2) years from disclosure of the technical information or one (1) year after conclusion of the litigation (including any appeals), whichever period is longer. Nothing in this paragraph shall prevent outside counsel for Defendants from assisting in the inter partes reexamination involving the patent-in-suit that is currently pending before the United States Patent and Trademark Office.

16.     Trial counsel desiring to disclose Confidential Materials to experts or consultants specified in paragraphs 12(e) or 13 above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such expert or consultant. No Confidential Materials shall be disclosed to such expert or consultant until after the expiration of a seven (7) business day period commencing with the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that seven (7) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such expert or consultant, except by mutual agreement of the parties or further order of the Court. The party desiring disclosure of such Confidential Materials shall have the burden of filing a motion with the Court seeking leave to make such disclosure.

17.     The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty.  A party is free to use its own information as it pleases.

18.     Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed pursuant to the Court's Civil Local Rules.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.  Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title and case number of this action, and a statement in substantially the following form:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.
>
> THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL [CONFIDENTIAL – OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL] PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

19.     The acceptance by a party of documents designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c), or some other basis.  Documents

designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL shall be treated in accordance with the provisions of this

Protective Order, except that any party may at any time seek an Order from the Court determining

that specified information or categories of information are not properly designated as

CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL –

PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED

CONFIDENTIAL, provided that prior to making such a motion the parties shall meet and confer

in good faith to resolve any differences over the designation.  In response to the filing of such a

motion, the party challenging confidentiality shall have the burden of proving that the Confidential

Material in question is not protectable under Fed. R. Civ. P.26 (c) or some other basis, or, as the

case may be, that the designation of CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL is NOT necessary under the circumstances.  A party shall not be

obligated to challenge the propriety of a designation of Confidential Material at the time made,

and failure to do so shall not preclude subsequent challenge.  Should any party (or non-party) seek

an Order from the Court to determine whether specified information or categories of information

are not properly designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL

ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL, the claimed designation shall remain operative and respected

by all the parties and non-parties pending the Court's ruling.

20.     Nothing in this Protective Order shall require disclosure of material that a party

contends is protected from disclosure by the attorney-client privilege or the attorney work-product

immunity or any other applicable privilege.  This shall not preclude any party from moving the

Court for an Order directing the disclosure of such material.

21.     Disclosure, by production, inspection, or otherwise, of documents or information

subject to the attorney-client privilege, work product immunity or any other applicable privilege

shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is

privileged or protected by the work product immunity or any other applicable privilege, provided that the disclosing party promptly notifies the receiving party in writing after discovery of such disclosure. Such disclosed documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. In the case of a produced document, the producing party shall then provide or amend a privilege log identifying such produced document. The receiving party may move the Court for an Order compelling production of any disclosed document or information, but the motion shall not assert as a ground for production the fact of the prior disclosure, nor shall the motion disclose or otherwise use the content of the disclosed document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion. If, at trial, at a hearing, at a deposition, or on a motion, a disclosing party marks for identification or offers into evidence documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege — or proffers or elicits testimonial or other evidence that incorporates or relies on documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the disclosing party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege is privileged or protected or subject to discovery or disclosure, or (ii) documents or information are subject to attorney-client privilege, work product immunity or any other applicable privilege that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

22.     Inadvertent disclosure, by production, inspection, or otherwise, of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the disclosing party promptly notifies the receiving party in writing after discovery of such inadvertent disclosure.  Such inadvertently disclosed documents or information, including all copies thereof, shall be returned to the disclosing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently produced document, the producing party shall then provide or amend a privilege log identifying such inadvertently produced document.  The receiving party may move the Court for an Order compelling production of any inadvertently disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently disclosed document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

23.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

24.     In addition the specific requirements set forth in paragraph 14 hereof regarding the handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by

the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

25. This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

26. Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

27. In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

28. Within thirty (30) days after the dismissal or other conclusion of this Action ("Termination of Action") with respect to a producing party, including any appeals, all Confidential Materials (except HIGHLY RESTRICTED CONFIDENTIAL materials) produced by that party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Within ten (10) days after the final dismissal or other conclusion of this Action with respect to a producing party, including any appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by that party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned. Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

29. This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

30.     Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

31.     If a party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may request that the Court require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed

32.     No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition. The original of any transcript of any deposition designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL, if required to be

filed, shall be filed with the Court under seal in accordance with paragraph 18 hereof, unless otherwise agreed by the producing party.

33.    The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

34.    By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.  Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such party's signature.

UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL

MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

     1.     My present residential address is

_____.

     2.     My present employer is _____

and the address of my present employer is

_____.

     3.     My present occupation or job description is

_____.

     4.     I have received and carefully read the Protective Order in this Action dated

_____, and understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to the

personal jurisdiction of this Court with respect to the enforcement of the provisions of the attached

Protective Order.  I understand that I am obligated, under Order of the Court, to hold in confidence

and not to disclose the contents of any document marked or later designated pursuant to the

Protective Order as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

CONFIDENTIAL – PLAINTIFF AND X OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL to anyone other than those persons identified in paragraphs 12,

13, and 14 of the Protective Order to the extent that such persons are qualified to review such

information.  I further understand that I am not to disclose to persons other than those persons

identified in paragraphs 12, 13, and 14 of the Protective Order any words, substances, summaries,

abstracts or indices of Confidential Materials or transcripts disclosed to me.  In addition to the

foregoing, I understand that I must abide by all of the provisions of the Protective Order.

     5.     At the termination of this Action or at any time requested by counsel of record in

this Action, I will return to counsel of record in this Action all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials including or reflecting

Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on:_____      Name:_____

Respectfully submitted,

DATED:  January 27, 2010                    GOLDSTEIN, FAUCETT & PREBEG, LLP


                                            By  /s/ Corby R. Vowell
                                               Corby R. Vowell
                                               Attorneys for Plaintiff OptimumPath, L.L.C.

DATED:  January 27, 2010                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP


                                            By  /s/ Carl G. Anderson
                                               Carl G. Anderson

                                            Attorneys for Defendants
                                            Belkin International, Inc., Cisco-Linksys LLC,
                                            D-Link Systems, Inc. and NETGEAR Inc.

DATED:  January 27, 2010                    VASQUEZ BENISEK & LINDGREN LLP


                                            By  /s/ Eric W. Benisek
                                               Eric W. Benisek
                                               Attorneys for Defendant
                                               SMC Networks, Inc.




PURSUANT TO STIPULATION IT IS SO ORDERED

                2/10

DATED:  _____, 2010


                                            _____
                                            Hon. Claudia Wilken
                                            United States District Judge