IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUMPATH, L.L.C., | No. 09-01398 CW |
| Plaintiff, | ORDER DENYING OPTIMUMPATH'S MOTION TO STAY |
| v. | |
| BELKIN INTERNATIONAL, INC., et al., | |
| Defendants. | |

Plaintiff Otimumpath, L.L.C. moves to stay the case pending resolution of an appeal filed by Defendants Belkin, Cisco, D-Link and Netgear in an inter partes re-examination proceeding challenging the United States Patent and Trademark Office's (USPTO) confirmation of claims one through three and eight through ten of U.S. Patent No. 7,035,281 ('281 patent) owned by Plaintiff. Defendants Belkin, Cisco, D-Link, Netgear and SMC Networks oppose the motion. Defendants Buffalo Technology and Complex take no position on Plaintiff's motion. Having considered all of the papers filed by the parties, the Court denies Plaintiff's motion.

BACKGROUND

On January 30, 2008, Plaintiff filed an infringement action of the '281 Patent in federal court in South Carolina. On April 23, 2008 Defendants answered, filed counterclaims alleging non-

infringement, invalidity and unenforceability of the '281 patent and moved to transfer the case to the Northern District of California. The parties agreed to stay the case temporarily until the court ruled on Defendants' motion to transfer. On October 13, 2008, Defendants Belkin, Cisco, D-Link and Netgear filed a request for an inter partes re-examination of all thirty-two claims of Optimumpath's '281 patent. Defendants SMC Networks, Complex and Buffalo Technology are not parties to the inter partes re-examination request. On January 12, 2009, the USPTO denied the request with respect to claims four through seven and eleven through thirty-two, but ordered re-examination of claims four through seven and eleven through thirty-two. On March 26, 2009, the USPTO confirmed the patentability of claims one through three and eight through ten without amendment.

    On March 30, 2009, the district court in South Carolina granted Defendants' motion and transferred the case. On August 31, the Defendants who requested the re-examination filed a notice of appeal with the USPTO.

## DISCUSSION

    As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending an appeal of re-examination of a patent, a stay for purposes of an appeal of re-examination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758

2

1  F.2d 594, 603 (Fed. Cir. 1985). One court in this district has
2  noted that there is "a liberal policy in favor of granting motions
3  to stay proceedings pending the outcome" of re-examination or re-
4  issuance proceedings, especially in cases that are still in the
5  initial stages of litigation and where there has been little or no
6  discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378,
7  1381 (N.D. Cal. 1994).

8  In determining whether to stay a case pending re-examination,
9  a court may consider the following factors: (1) whether discovery
10 is complete and whether a trial date has been set; (2) whether a
11 stay would simplify the issues in question and trial of the case;
12 and (3) whether a stay would unduly prejudice or present a clear
13 tactical disadvantage to the non-moving party. In re Cygnus
14 Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023
15 (N.D. Cal. 2005). On balance, the factors here weigh against a
16 stay.

17 Discovery in this case is still in its early stages. No
18 depositions have been taken yet and very few documents have been
19 requested or produced by the parties. Much of the discovery that
20 Defendants rely upon to argue that "extensive discovery has already
21 taken place," Opposition at 4, actually began after Plaintiff filed
22 its motion for a stay. For instance, after Plaintiff filed its
23 motion, Defendant SMC served a "set of requests for production of
24 tangible things, interrogatories, and requests for admission on
25 Plaintiff." Benisek Decl. ¶ 11. Although a trial date has been
26 set for May 23, 2011, the date is not imminent. Thus, this factor
27 weighs in favor of a stay.

28

3

Staying the case will not necessarily simplify the issues in question and the trial of the case. Plaintiff claims that a stay would simplify this case if the USPTO confirms the validity of claims one through three and eight through ten of the '281 patent because of the res judicata effect such a determination would have. Because an inter partes re-examination permits Defendants to participate in the re-examination process, the participating Defendants will be estopped from asserting the invalidity of any claim of the '281 patent on any ground which they raised or could have raised during the inter partes re-examination proceeding. 35 U.S.C. § 315(c). However, Defendants SMC, Compex and Buffalo are not parties to the re-examination proceeding. Only the requesters of an inter partes re-examination are estopped from asserting in subsequent litigation the invalidity of any patent claim on any ground raised during a re-examination. Id. Therefore, a re-examination filed by less than all Defendants in a case will not necessarily simplify the case.

The Court also notes that the USPTO refused to order re-examination of claims four through seven and eleven through thirty-two and that decision is final and non-appealable. 35 U.S.C. § 312(c); 37 C.F.R. § 1.927. Thus, the pending re-examination proceedings will not affect the validity of these claims, three of which, claims eleven through thirteen, Plaintiff has asserted against Defendants. In sum, although it is possible that the re-examination will resolve some of the claims against some Defendants, the second factor weighs against a stay.

Finally, the Court addresses whether entering a stay in this

4

case will unduly prejudice and present a clear tactical advantage to the non-moving parties--Defendants. Defendants assert that they will be prejudiced by a delay because Plaintiff's alleged damages and interest thereon will continue to accrue on a large number of accused products. Weaver Decl. ¶ 6. The accused products have thin profit margins and the royalties Plaintiff requests would make them unprofitable. Id. Defendants seek a quick resolution so that they can adjust their business accordingly and potentially exit the market if necessary.

The Court also notes that this case was filed over two years ago and the length of time required for the appeal of the re-examination is unknown. Further delay will only increase the likelihood of loss of evidence. See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (concluding that staying the case could lead to "further loss of information" and a "tactical advantage."). After balancing this uncertainty with the current stage of the proceeding, the potential delay would likely prejudice Defendants. In sum, the three factors weigh against granting Plaintiff's motion to stay the proceeding.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to stay the present case pending the resolution of the re-examination appeal (Docket No. 170).

IT IS SO ORDERED.

Dated: 03/03/10

CLAUDIA WILKEN
United States District Judge