UNITED STATES DISTRICT COURT

Northern District of California

OPTIMUMPATH, LLC,

                Plaintiff,

   v.

BELKIN INTERNATIONAL, INC., *et al.*,

                Defendants.

No. C 09-1398 CW (MEJ)

**ORDER RE DISCOVERY DISPUTE (DKT. ##210, 211)**

## I. INTRODUCTION

Before the Court are Plaintiff OptimumPath, LLC's ("Plaintiff") motion for protective order, filed on September 17, 2010 ("Motion for PO," Dkt. #210.), and Defendants Belkin International, Inc., Cisco-Linksys, LLC, D-Link Systems, Inc., NETGEAR, Inc., and SMC Networks, Inc.'s (collectively "Defendants") motion for leave to take limited third-party discovery from Apple, Inc. ("Apple"), filed on September 23, 2010 ("Motion for LD," Dkt. #211.).  These motions were referred to the undersigned on October 18, 2010.  (Dkt. #222.)  Upon careful review of the parties' submissions and the relevant legal authority, the Court ORDERS as follows.

## II. BACKGROUND

On January 30, 2008, Plaintiff filed the present case against Defendants, alleging infringement of U.S. Patent No. 7,035,281 (the "'281 Patent").  (Dkt. #1.)  The '281 Patent, which is entitled "Wireless Provisioning Device," was filed on September 13, 2000.  (Motion for LD at 1.) Defendants contend, in relevant part, that Apple AirPort, a wireless router developed by Douglas Karl, is prior art to the '281 patent.[1]  (*Id.*; Ex. 1 of Dkt. #212 at 95.)

---

[1] Defendants listed over thirty prior art references in their preliminary invalidity contentions dated September 8, 2009. (Dkt. #210-7.)

On July 21, 2009, the Honorable Claudia Wilken, the presiding judge in this matter, set a fact discovery cut-off date of July 16, 2010, which was subsequently extended to September 3, 2010 at the parties' joint request. (Dkt. ##156, 197.)

Defendants took Douglas Karl's deposition on August 19, 2010. (Motion for LD at 1; Ex. 1 of Dkt. #212; Dkt. #216-3.) Mr. Karl testified regarding specifications of the Apple AirPort in his deposition. (Ex. 1 of Dkt. #212 at 223-246.) However, he could not testify as to the specific date of public demonstration and sales of the Apple AirPort. (*Id.* at 96-97, 100-101.)

After the deposition, Defendants unsuccessfully attempted to obtain documents from Apple, and on September 2, 2010, the day before the fact discovery cut-off, served a document and deposition subpoena on Apple, seeking information regarding public use, offers for sales, and operation of the Apple AirPort prior to September 13, 1999. (Dkt. #219 at 1; Ex. 2 and 3 of Dkt. #212.) On September 3, 2010, Defendants also served a third-party subpoena on Murray Michaels, who subsequently filed a motion to quash. (Dkt. #210-3.) Both subpoenas require the third parties to produce documents and appear at deposition after the fact discovery cut-off. (Ex. 2 and 3 of Dkt. #212; Dkt. #210-3.)

### III. DISCUSSION

In its motion, Plaintiff requests that the Court issue a protective order prohibiting Defendants from enforcing the subpoenas served by them on third parties Apple and Murray Michaels on the grounds that the discovery was untimely. In response, Defendants oppose Plaintiff's motion as to Apple, and also filed a motion for leave to take limited discovery from Apple. However, it appears that Defendants have agreed not to seek discovery from Mr. Michaels. (Dkt. #217 at 2, fn. 2.) Accordingly, as to Mr. Michaels, Plaintiff's Motion for PO is hereby granted, and the Court only need to resolve the motion as to Apple.

Pursuant to Civil Local Rule 26-2 and the commentary thereto, parties must "initiate discovery requests and notice depositions sufficiently in advance of the cut-off date." The court may permit additional discovery after the cut-off date for good cause. Civ. L.R. 26-2; *Medimmune, LLC v. PDL Biopharma, Inc.*, No. 08-5590, 2010 U.S. Dist. LEXIS 48291 (N.D. Cal. May 17, 2010).

1  When considering a motion for leave to take additional discovery after the cut-off, the court shall
2  consider all relevant factors, including: (1) the moving party's diligence; (2) the foreseeability of the
3  need for additional discovery; (3) the trial schedule; (4) any response from non-moving and third
4  parties; (5) the likelihood that the discovery will lead to relevant evidence; and (6) any prejudicial
5  effect. *Tyco Thermal Controls LLC v. Redwood Indus.*, No. 06-7164, 2010 WL 2353533, at *2
6  (N.D. Cal. June 9, 2010).

7  Here, while Defendants served the subpoenas on Apple before the fact discovery cut-off,
8  they require Apple to produce documents and appear for deposition after the cut-off date. Further,
9  Defendants waited twenty days after the cut-off date to file their motion for leave to take discovery
10 from Apple. Thus, Defendants failed to comply with the timing requirements. The Court also notes
11 that Plaintiff propounded deposition notices for five defendants on July 30, 2010, seeking all
12 depositions during the last two weeks of the discovery period, which, as a practical matter, caused
13 the discovery to be conducted after the cut-off.[2] (Motion for LD at 3; Dkt. #212 at 2.) The Court
14 finds the behavior of both parties caused unnecessary delay, and therefore reserves the right to
15 sanction either party for further discovery abuses.

16 However, the trial in this matter is currently scheduled to commence on May 23, 2011 and is
17 therefore not imminent. Further, Apple has not opposed Defendants' discovery request. And,
18 considering Mr. Karl's deposition, the Court finds that the requested discovery is substantially
19 related to Defendants' prior art defense. Therefore, Defendants need follow-up discovery regarding
20 the timing of Apple AirPort's patent. Although Plaintiff opposes the additional discovery, the Court
21 finds that it will not be prejudicial, so long as it is limited to the follow-up issues discussed in
22 Defendants' motion. Out of fairness, Plaintiff may seek reasonable follow-up discovery thereafter.
23 The parties shall comply with the undersigned's discovery standing order if Plaintiff chooses to
24 propound any follow-up discovery to which Defendants object.

25 So as not to affect any deadlines established by Judge Wilken, especially the trial date of

---

[2] At the following stipulation, some of them were scheduled in October, 2010, after discovery cut-off. (Ex. 15 of Dkt. # 218.)

3

May 23, 2011, the Apple deposition shall take place no later than November 30, 2010.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for PO as to Mr. Michaels, DENIES Plaintiff's Motion for PO as to Apple, and GRANTS Defendants' Motion for LD. Defendants are entitled to take limited discovery from Apple, which shall be completed no later than November 30, 2010. Plaintiff may seek reasonably necessary follow-up discovery within a reasonable time period.

**IT IS SO ORDERED.**

Dated: October 22, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

4