QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
   toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Defendants Belkin International, Inc., Cisco-Linksys, LLC, D-Link Systems, Inc. and NETGEAR, Inc.

[*Additional Counsel Listed On Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| OPTIMUMPATH, L.L.C.,<br><br>            Plaintiff,<br><br>     vs.<br><br>BELKIN INTERNATIONAL, INC., CISCO-LINKSYS, LLC, D-LINK SYSTEMS, INC. NETGEAR, INC. AND SMC NETWORKS, INC.,<br><br>            Defendants. | CASE NO. 4:09-CV-1398-CW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS**<br><br>**Date:**    December 9, 2010<br>**Time:**    2:00 pm<br><br>The Honorable Claudia Wilken |

02099.51359/3787601.6

Case No. 4:09-CV-1398-CW
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A
THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS
OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS

## I.   INTRODUCTION

OptimumPath admits that "it did not specifically plead the Doctrine of Equivalents" and never "expressly indicated that it expect[ed] to proceed with a Doctrine of Equivalents argument." (Doc. No. 228 at 2, 8.) It does not deny that the claim charts included with its infringement contentions allege only literal infringement. And it makes no effort to distinguish the case law cited by Defendants, which holds that a patentee may not ambush defendants with a new theory of infringement at the expert report stage—as OptimumPath has done here.

Realizing that it has no chance of succeeding on the merits, OptimumPath resorts to obfuscation and slight-of-hand. It throws an amalgamation of misleading and contradictory arguments at the Court, hoping that something will stick. In essence, OptimumPath argues that Defendants should have realized OptimumPath was alleging the doctrine of equivalents based on a small number of disjointed clues scattered throughout the discovery process.

The Patent Local Rules were designed to prevent exactly this kind of litigation conduct. It is not Defendants' job to guess whether OptimumPath is asserting infringement under the doctrine of equivalents. Rule 3-1(e) explicitly requires the patentee to provide that information upfront at the beginning of the case. OptimumPath did not do so. Furthermore, OptimumPath does not even attempt to show that it diligently pursued a doctrine of equivalents theory and that good cause exists for adding its doctrine of equivalents theory for the first time in its expert report on infringement. As a consequence, OptimumPath should be precluded from asserting the doctrine of equivalents and the portions of its expert report relating to the doctrine of equivalents should be stricken.

## II.   OPTIMUMPATH'S PATENT LOCAL RULE 3-1 DISCLOSURES DID NOT PUT DEFENDANTS ON NOTICE OF ITS DOCTRINE OF EQUIVALENTS THEORY

OptimumPath argues that its infringement contentions disclosed its doctrine of equivalents theory because the contentions include the phrase "substantially similar." However, OptimumPath fails to inform the Court that the passage that includes the "substantially similar" phrase has absolutely nothing to do with the doctrine of equivalents.

02099.51359/3787601.6

-1-   Case No. 4:09-CV-1398-CW

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS

OptimumPath does not dispute that its Patent Local Rule 3-1(e) disclosure, which requires the patentee to state in its infringement contentions "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality," fails to allege infringement of any of the asserted claims or limitations of those claims under the doctrine of equivalents. Instead, OptimumPath claims that the presence of the phrase "substantially similar" in its Patent Local Rule 3-1(c) disclosure (reproduced below) somehow put Defendants on notice of its doctrine of equivalents theory.[1]

> **Patent L.R. 3-1(c)**
>
> OptimumPath's disclosures pursuant to Patent L.R. 3-1 (c) are set forth in the chart attached hereto as Exhibit A. For purposes of infringement of the '281 Patent and the disclosure requirements of L.R. 3-1(c), OptimumPath asserts that the Accused Instrumentalities all function in the same or substantially similar manner and include the same or substantially similar components. For this reason, OptimumPath provides a claim chart for only a single, exemplary Accused Instrumentality and alleges that the remainder of the Accused Instrumentalities infringe in the same manner.

As OptimumPath knows, the use of the phrase "substantially similar" in this paragraph has no relationship whatsoever with the doctrine of equivalents. Rather, this paragraph states that "the Accused Instrumentalities all function in the same or substantially similar manner and include the same or substantially similar components." In other words, OptimumPath is explaining that it only provided a single claim chart under Patent Local Rule 3-1(c) because the numerous accused products are "substantially similar" to one another.

OptimumPath nowhere states that there are insubstantial differences between the features of Defendants' accused products and corresponding limitations of the asserted claims, or that features of Defendants' accused products perform substantially the same function, in substantially the same way, producing substantially the same result as corresponding limitations of the asserted

---

[1] Patent Local Rule 3-1(c) requires a patentee to prepare "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality. . . ."

02099.51359/3787601.6

-2-    Case No. 4:09-CV-1398-CW
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS

claims, as required by the doctrine of equivalents. See TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc., 529 F.3d 1364, 1376 (Fed. Cir. 2008) ("Whether equivalency exists may be determined based on the 'insubstantial differences' test or based on the 'triple identity' test, namely, whether the element of the accused device 'performs substantially the same function in substantially the same way to obtain the same result.' (citations omitted)). OptimumPath's argument that its Patent Local Rule 3-1(c) disclosure provides notice of its doctrine of equivalents theory is disingenuous and should be set aside.

### III. DEFENDANTS DID NOT TAKE DISCOVERY ON THE DOCTRINE OF EQUIVALENTS

OptimumPath argues that Defendants conducted discovery on the doctrine of equivalents. (Doc. No. 228 at 5.) In support of this argument, OptimumPath cites to the depositions of Andrew Tompkins, the co-inventor of the patent-in-suit, and Glenn Wheeler, the 30(b)(6) witness for TAEUS. During those depositions, however, Defendants were eliciting testimony to support their claim constructions and their positions as to why the accused products do not *literally* infringe the patent-in-suit; they were not eliciting testimony on the doctrine of equivalents.

Defendants contend that the "network card" and "wireless card" claimed in the '281 Patent are printed circuit boards separate from one another that can be inserted into and removed from electrical connectors in the chassis of the wireless provisioning device. In the excerpts cited by OptimumPath, Defendants sought, and obtained, deposition testimony supporting those constructions. Indeed, in the excerpt of Mr. Wheeler's deposition, Defendants' counsel made clear that he was *not* asking whether elements of Defendants' products were equivalent to the network cards and wireless cards claimed in the '281 Patent, but whether the so-called wireless cards and network cards identified by TAEUS were separate from the main printed circuit board. (Doc. No. 229-3 at 94:6-8 ("Mr. Briggs: But that didn't answer my question. My question was, there [is] not a separate network card and separate wireless card in here, correct?").)

OptimumPath does not—and cannot—identify any questions from Defendants regarding insubstantial differences between claim limitations and corresponding features in Defendants' accused products or questions regarding claim limitations and corresponding features in

Defendants' accused products that perform substantially the same function, in substantially the same way, to obtain substantially the same result. Aside from excerpts from two depositions, OptimumPath has not identified *any* other discovery taken by Defendants relating to the doctrine of equivalents. After all, Defendants had no reason to take discovery on the doctrine of equivalents.

OptimumPath also cites excerpts from its depositions of Defendants. Even assuming the questions asked by OptimumPath relate to the doctrine of equivalents, three of the four depositions cited by OptimumPath took place after the close of fact discovery and confirm that OptimumPath's doctrine of equivalents allegation is untimely.[2] Furthermore, that OptimumPath asked questions that arguably relate to the doctrine of equivalents is not sufficient to give Defendants notice of OptimumPath's reliance on that theory. Defendants are not required to read the tea leaves of the patentee's deposition questions to determine whether the patentee is relying on the doctrine of equivalents. Rather, the Patent Local Rules explicitly require the patentee to disclose that information in its infringement contentions. Patent L.R. 3-1(e).

---

[2] Although OptimumPath filed this case in January 2008, it did not issue a single deposition notice until Friday, July 30, 2010 – more than 2.5 years after the filing of its lawsuit and just 25 business days before the close of fact discovery. On that day, OptimumPath served 30(b)(6) notices on each of the five remaining defendants seeking testimony on nearly every conceivable issue in this complex patent infringement case and scheduling the depositions within a narrow window during the last two weeks of discovery. Given the breadth of the 30(b)(6) topics, the number of defendants in this case, and late summer timing, OptimumPath could not have reasonably expected to complete these 30(b)(6) depositions by the close of discovery. Four of the five Defendants were not able to schedule the depositions prior to the cutoff date. As a courtesy to OptimumPath and in the interest of avoiding Court intervention, Defendants agreed to allow OptimumPath to take those depositions after the close of fact discovery. The only deposition that took place before the discovery cutoff date was the SMC 30(b)(6) deposition, which took place on August 31, 2010, four days before discovery closed.

## IV. OPTIMUMPATH CANNOT USE THE LACK OF A CLAIM CONSTRUCTION RULING AS AN EXCUSE FOR ITS FAILURE TO ALLEGE THE DOCTRINE OF EQUIVALENTS

In its final argument, OptimumPath completely changes gears and argues that it did not disclose its doctrine of equivalents theory in its infringement contentions because it could not anticipate the need to rely on the doctrine absent a claim construction ruling. (Doc. No. 228 at 8.)

First, this argument contradicts OptimumPath's earlier arguments that it actually did disclose the doctrine of equivalents in its infringement contentions and took discovery on the issue during its depositions of Defendants.

Second, OptimumPath does not explain how, if a claim construction is necessary before alleging infringement under the doctrine of equivalents, it nonetheless managed to include a doctrine of equivalents theory in its expert report.

[redacted]

Fourth, OptimumPath does not deny that it has known of Defendants' proposed claim constructions—which, if adopted, would defeat OptimumPath's literal infringement claims—since December 2009.

Fifth, OptimumPath's argument that it could not anticipate the need to allege the doctrine of equivalents until after a claim construction ruling frustrates the intent of the Patent Local Rules and confuses the purpose of infringement contentions and claim construction. The Patent Local Rules require the parties to "put all their cards on the table up front," Amtel Corp. v. Information Storage Devices, Inc., 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998), and "crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp., 2004 WL 5363616, at *4 (N.D. Cal. Mar. 2, 2004) (internal quotations omitted). Claim construction, on the other hand,

02099.51359/3787601.6

-5- Case No. 4:09-CV-1398-CW
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS

is designed to determine the proper reading of the patent claims, as a matter of law, and to clarify disputed issues of the case. Claim construction is not designed to provide plaintiffs with an opportunity to set forth new infringement theories, as OptimumPath suggests.

Though OptimumPath argues that its proposed claim constructions should be adopted, its confidence in its case does not release it from its obligation "to lay all its cards on the table" at the forefront. ████████████████████████████████████████████████████████████████████████ Moreover, OptimumPath has had over a year to analyze Defendants' proposed claim constructions and determine whether the doctrine of equivalents may be necessary. If OptimumPath wished to claim infringement under the doctrine of equivalents in the event of an adverse claim construction ruling, it should have diligently sought amendment of its infringement contentions soon after it was notified of Defendants' proposed claim constructions. It did not. OptimumPath failed to diligently pursue its doctrine of equivalents infringement theory and has not otherwise demonstrated good cause for pursuing its new infringement theory as required by Patent Local Rule 3-6. See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) (affirming the Northern District of California's finding that "good cause" requires a showing of diligence under the Patent Local Rules); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). Consequently, OptimumPath should not now be permitted to pursue its doctrine of equivalents allegations.

## IV. CONCLUSION

For the foregoing reasons, OptimumPath should be precluded from asserting infringement under the doctrine of equivalents, and all portions of its expert reports which discuss the doctrine should be stricken.

02099.51359/3787601.6

-6- Case No. 4:09-CV-1398-CW
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A
THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS
OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS

| | | |
|---|---|---|
| DATED: November 23, 2010 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/  Todd M. Briggs
Todd M. Briggs
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100
Counsel for Defendants
Belkin International, Inc., Cisco-Linksys LLC,
D-Link Systems, Inc. and NETGEAR Inc.

DATED:  November 23, 2010        VASQUEZ BENISEK & LINDGREN LLP

By  /s/  Eric W. Benisek
Eric W. Benisek (Bar No. 209520)
3685 Mt. Diablo Blvd., Suite 300
Lafayette, California 94549
Telephone: (925) 627-4250
Facsimile: (925) 403-0900
Counsel for Defendant SMC Networks, Inc.

02099.51359/3787601.6

-7-    Case No. 4:09-CV-1398-CW
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A
THEORY OF INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE PORTIONS
OF DR. DAHLBERG'S EXPERT REPORT DISCUSSING THE DOCTRINE OF EQUIVALENTS